IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

vs.                                    **Case No. 04-40153-01-RDR**

THOMAS CANAL DAVIS,

           Defendant.

## MEMORANDUM AND ORDER

On October 7, 2005 the court sentenced the defendant. The purpose of this memorandum and order is to memorialize the rulings made by the court during the hearing.

The defendant entered a plea of guilty to possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Prior to sentencing, the defendant submitted several objections to the presentence report and a sentencing memorandum. During the sentencing hearing the court received evidence from the government and the defendant. Based upon that evidence, the court finds the following facts. On November 10, 2004 Topeka Police Department officers Dan Geller and Brad McCarter were on patrol in a marked patrol car in central Topeka. Officer McCarter saw a vehicle pass their car driven by Thomas Canal Davis. He was aware that Davis was wanted for questioning and had an outstanding warrant. The officers attempted to stop the vehicle by activating the patrol car's

emergency lights and siren.

Davis did not stop his vehicle. He began traveling through residential areas. He drove over the center line on one occasion and failed to stop for several stop signs. As the chase proceeded, Officer McCarter saw Davis throw several plastic bags out of the driver's side window. The officers followed Davis for some period of time. Officer McCarter estimated that Davis was traveling at speeds of 55 miles per hour in the residential areas of central Topeka. Eventually, Davis jumped out of his car while it was moving near 14th and Western. He then ran past the patrol car as it came up behind his car. Officer McCarter saw that Davis had a black pistol in his right hand. He yelled for Davis to stop and drop the weapon. Davis continued to run from Officer McCarter. Officer McCarter believed that Davis was attempting to get in position to fire at him and his partner. Officer McCarter shot twice at Davis and missed. Davis continued to run as Officer McCarter pursued him. Officer McCarter again yelled for Davis to stop as he neared a garage. Officer McCarter again fired his weapon and this time struck Davis. During the chase, Davis had tossed his gun away. Davis was arrested and then taken to a hospital for treatment.

The defendant initially objected to the alias information

presented on page 2 of the presentence report.  In response to the defendant's objection, the probation office deleted 10 of the purported aliases.  The probation office indicated that the remaining names had been confirmed with the Kansas Bureau of Investigation.  The defendant has not offered any further objection after the deletion of the ten names.  Accordingly, this objection shall be denied and the remaining aliases shall stay in the presentence report.

The defendant objects to a four-point offense level enhancement under U.S.S.G. § 2K2.1(b)(5) for possession of a firearm in connection with another felony.  The defendant argues that such an enhancement violates <u>Booker</u> because he has not been charged with, or convicted of, fleeing and eluding in connection with this incident.  The government and probation office disagree and argue that <u>Booker</u> does not prohibit this enhancement.  They also contend that the facts support its application.  The court agrees with the government and the probation office.

The Supreme Court's chosen remedy in <u>Booker</u> was not to disallow the  enhancements in the guidelines altogether, but rather to treat the guidelines as advisory.  <u>Booker</u>, 125 S.Ct. at 757.  "[W]ith the mandatory use of the Guidelines excised, the traditional authority of a sentencing judge to find all

3

facts relevant to sentencing will encounter no Sixth Amendment objection." United States v. Haack, 403 F.3d 997, 1003 (8th Cir. 2005) (quoting United States v. Crosby, 397 F.3d 103, 112 (2nd Cir. 2005)).  Thus, for purposes of the now-advisory nature of the guidelines, "the applicable Guidelines range is normally to be determined in the same manner as before Booker/Fanfan."  Id.; see also United States v. Williams, 408 F.3d 745 (11th Cir. 2005).

The defendant has also argued in his sentencing memorandum that the enhancement should not be applied because there is no nexus between the firearm which he possessed and the other felony offense he committed at the time he possessed the firearm.  The Tenth Circuit has determined that if the weapon facilitated or had the potential to facilitate the underlying felony, then enhancement under § 2K2.1(b)(5) is appropriate. United States v. Brown, 314 F.3d 1216, 1222 (10th Cir.), cert. denied, 537 U.S. 1223 (2003).  An enhancement under § 2K2.1(b)(5) is inappropriate if "possession of the weapon is coincidental or entirely unrelated to the offense."  Id.

The defendant relies upon a decision by Judge Crow for support of his argument.  The defendant, however, as correctly pointed out by the government, has misread Judge Crow's decision in United States v. Robinson, 2004 WL 2457805 (D.Kan. 2004).  In

Robinson, Judge Crow agreed with the government that the enhancement under § 2K2.1(b)(5) should be applied where a defendant possessed a firearm in connection with the offense of fleeing and eluding law enforcement officers. Robinson, 2004 WL 2457805 at * 1 ("Here, defendant possessed an easily accessible, loaded firearm during his car flight from law enforcement officers, and the firearm had the potential to facilitate defendant's flight."). Judge Crow, however, ultimately concluded that the enhancement could not be applied, but the reason was unrelated to the nexus requirement. Id.

The facts before the court indicate that the enhancement contained in U.S.S.G. § 2K2.1(b)(5) should be applied because the defendant possessed the firearm while fleeing or attempting to elude law enforcement officers in violation of K.S.A. 8-1568. The court is persuaded that the firearm had the potential to facilitate the defendant's flight. Accordingly, this objection shall be denied.

The defendant next objects to paragraphs 35 and 37, arguing that he should be assessed only one criminal history point since the sentences in the cases listed in those paragraphs were suspended and he was placed on probation. The government and the probation office contend the defendant's prior convictions have been properly assessed. The court agrees with the

government and the probation office.  In each case, the defendant was eventually sentenced to a term of imprisonment at the Labette Boot Camp.  Such a sentence means that two criminal history points should be assessed.  See United States v. Dighera, 185 F.3d 875, 1999 WL 390870 at ** 2 (10th Cir. 1999).  Accordingly, this objection must be denied.

The defendant objects to the conviction for obstruction indicated in paragraph 44.  He contends the obstruction charge was dismissed.  The probation office indicates that the judgment from that case shows the defendant was convicted of both assault and obstruction.  The government presented evidence at the sentencing hearing showing that the defendant was convicted of obstruction as set forth in paragraph 44.  Accordingly, this objection shall be denied.  However, even if the defendant's criminal history score was reduced by one point, he would continue to have a criminal history category of IV.

Based upon the previous objections, the defendant contends his offense level is 17 and his criminal history category is III.  Given the court's prior rulings, this objection must also be denied.

Finally, the defendant contends he is entitled to a reduced sentence or a "variance" because he was shot in the back and severely wounded by a police officer as he was running away.

6

The government responds that the actions of the defendant in the events that led to the charge in this case suggest that an upward departure is appropriate. The probation office does not believe that an upward or downward departure is appropriate under the facts. The court agrees. The court does not believe that the application of the guidelines or the factors under 18 U.S.C. § 3553(a) require a variance from the calculated guideline range.

With the aforementioned rulings, the defendant's total offense level was 21 and his criminal history category was IV. This produced a guideline range of 57 to 71 months. The court sentenced the defendant to a term of imprisonment of 57 months with two years of supervised release. The court believes that is a reasonable and appropriate sentence after consideration of all the factors contained in 18 U.S.C. § 3553(a).

**IT IS SO ORDERED.**

Dated this 14th day of October, 2005 at Topeka, Kansas.

                                    s/Richard D. Rogers
                                    United States District Judge